IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHEQULIA MOTLEY, ) <br> Fed. Reg. No. 14318-002, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> STEVE MORA, et al. ) <br> ) <br> Respondents. ) | CIVIL ACTION NO. 2:14-CV-617-WKW <br> [WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This cause of action is before the court on a 28 U.S.C. § 2241 petition for writ of habeas corpus filed by Chequlia Motley ["Motley"], an inmate convicted in this court for conspiracy to defraud the government and identity theft.[1]  Motley is currently incarcerated at the Federal Prison Camp in Bryan, Texas.

In the instant petition, Motley alleges that refusal by the Federal Bureau of Prisons to immediately consider her for placement in a Residential Reentry Center ["RRC"] for the final portion of her federal sentence as permitted by the Second Chance Act deprives her of the opportunity to receive "the greatest amount of time in an RRC to assist" in the reintegration process. *Petition for Writ of Habeas Corpus - Doc. No. 1* at 18.  Specifically, Motley argues

---

[1] On August 13, 2013, this court sentenced Motley to 12 months imprisonment on the conspiracy conviction and 24 months imprisonment on the identity theft conviction. *United States v. Motley*, Case No. 2:13-CR-11-MEF - *Doc. No. 32*.  These sentences are to be served consecutive to one another thereby resulting in a total term of imprisonment of 36 months.

that the Bureau of Prisons should be required to consider her application for placement at an RRC prior to the projected consideration time, i.e., within 17 to 19 months of her projected release date, so that she has ample time to fully exhaust her available administrative remedies. *Id*. at 17. Motley seeks issuance of an order requiring the Bureau of Prisons to immediately and fairly consider her for RRC placement absent exhaustion of administrative remedies in accordance with "the five factors set forth in 18 U.S.C. § 3621(b) plus take into account the language in 18 U.S.C. § 3624(c)(6)(c) granting [her] the maximum amount of time in the RRC to provide the 'greatest likelihood of successful reintegration into the community.'" *Id*. at 18.

Upon review of the claims presented in the petition, the court concludes that this case should be transferred to the United States District Court for the Southern District of Texas in accordance with the directives of 28 U.S.C. § 1404.[2]

## II. DISCUSSION

A federal prisoner challenging the manner, location, or conditions of the execution of a sentence must do so through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008) (challenges to execution of sentence are properly brought under § 2241); *Levine v. Apker*, 455 F.3d 71, 78 (2nd Cir. 2006) (petitioner's challenge to place of imprisonment constitutes

---

[2]Motley did not file either an application for leave to proceed *in forma pauperis* or the requisite filing to proceed in a habeas action. However, under the circumstances of this case, the court concludes that procurement of the requisite fee or documents necessary to a determination of assessment/collection of any filing fee should be undertaken by the United States District Court for the Southern District of Texas.

an attack on the execution of his sentence and is therefore properly presented in a § 2241 petition); *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 242-243 (prisoner's challenges to BOP regulations and actions regarding placement in Community Corrections Center properly brought in § 2241 petition); *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (prisoner's challenges to manner or location of sentence's execution must be brought under § 2241).  A district court has jurisdiction, pursuant to 28 U.S.C. § 2241, over a claim concerning the BOP's failure to consider whether a prisoner is entitled to placement in RRC, because such is a challenge to the manner in which the sentence is being executed.  *See United States v. Williams*, 425 F.3d 987, 990 (11th Cir. 2005); *Bishop v. Reno*, 210 F.3d 1295, 1304 n.14 (11th Cir. 2005).

 Because Motley is challenging the manner in which her sentence is being executed, she must satisfy the jurisdictional requirements of 28 U.S.C. § 2241.  "Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir.1991); *United States v. Plain*, 748 F.2d 620, 621 (11th Cir. 1984).  The immediate custodian is the proper party respondent in a habeas case brought pursuant to § 2241.  *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). "The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95 (1973).

> The federal habeas statute straightforwardly provides that the proper respondent to a [§ 2241] habeas petition is "the person who has custody over

3

> [the petitioner]." 28 U.S.C. § 2242; *see also* § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court. *Ibid.* We summed up the plain language of the habeas statute over 100 years ago in this way: "[T]hese provisions contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Wales v. Whitney,* 114 U.S. 564, 574, 5 S.Ct. 1050, 29 L.Ed. 277 (1885) (emphasis added); *see also Braden v. 30th Judicial Circuit Court of Ky.,* 410 U.S. 484, 494-495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) ("The writ of habeas corpus" acts upon "the person who holds [the detainee] in what is alleged to be unlawful custody," citing *Wales, supra,* at 574, 5 S.Ct. 1050); *Braden, supra,* at 495, 93 S.Ct. 1123 ("'[T]his writ ... is directed to ... [the] jailer,'" quoting *In re Jackson,* 15 Mich. 417, 439-440 (1867)).

*Rumsfeld v. Padilla*, 542 U.S. 426, 434-435, 124 S.Ct. 2711, 2717-2718 (2004).

Motley is presently incarcerated at the Federal Prison Camp in Bryan, Texas. This correctional camp is located within the jurisdiction of the United States District Court for the Southern District of Texas. "District courts are limited to granting habeas relief 'within their respective jurisdictions.' 28 U.S.C. § 2241(a). We have interpreted this language to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.' *Braden*, 410 U.S., at 495, 93 S.Ct. 1123.... Congress added the limiting clause–'within their respective jurisdictions'-- to the habeas statute in 1867 to avert the 'inconvenient [and] potentially embarrassing' possibility that 'every judge anywhere [could] issue the Great Writ on behalf of applicants far distantly removed from the courts whereon they sat.' *Carbo v. United States,* 364 U.S. 611, 617, 81 S.Ct. 338, 5 L.Ed.2d 329 (1961). Accordingly, with

4

respect to habeas petitions 'designed to relieve an individual from oppressive confinement,' the traditional rule has always been that the Great Writ is 'issuable only in the district of confinement.' *Id*. at 618, 81 S.Ct. 338." *Rumsfeld*, 542 U.S. at 442, 124 S.Ct. at 2722. This court therefore lacks jurisdiction to consider the habeas corpus petition filed by Motley. However, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." 28 U.S.C. § 1404(a); *see also* 28 U.S.C. § 1631 (specifically granting the federal courts power to transfer to cure a want of jurisdiction); *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990).

Under the circumstances of this case as outlined herein, the court concludes that this case should be transferred to the United States District Court for the Southern District of Texas for review and determination.[3]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Southern District of Texas.

 It is further

ORDERED that **on or before August 13, 2014**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general

---

[3]The transfer of this case should not in any way be construed as a consideration of the merits of the petitioner's claims for relief.

objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 30th day of July, 2014.

                                              /s/Charles S. Coody
                                              CHARLES S. COODY
                                              UNITED STATES MAGISTRATE JUDGE